CA20-087

UNITED STATES OF AMERICA, the DISTRICT OF RHODE ISLAND,

Providence, Rhode Island

William Freeman
Plaintiff

COMPLAINT and

MOTION TO TRANSFER DOCUMENTS

FROM RI BANKRUPTCY COURT

Reference: BK No. 18-11609DF
Ch 13

v.

JP Morgan Chase Bank and Co (illegal alias JPMC Chase National Assoc.)
FDIC
FANNIE MAE
ORLANS, PLc
HARMON LAW
Cliff Pointe
Jackie Algier
John Does
Jones Moving and Storage
Mgt24
Safeguard Properties
CMG Financial
Carrington Mortgage
Morgan Lewis Bockius

<u>DEBTOR'S Adversarial Action Complaint against THE DEFENDANTs JP MORGAN CHASE BANK NATIONAL ASSOCIATION, The FDIC, and Fidelity National Financial (subrogator), FANNIE MAE, JP MORGAN CHASE BANK & Co (CHASE[1]), alleged 'Attorneys'</u>

Please see Adversarial COMPLAINT as the basis for the Revised Complaint in the appropriate Jurisdiction.

Below is the 'Substance' of Mr. Freeman's Adversarial Complaint filed in US District Bankruptcy Court, a wrong venue for Mr. Freeman's righteous Claims, according to the Honorable Judge Diane Finkel.

- **Revised former complaint submitted to US District Bankruptcy Court in 2019, as Mr. Freeman requests a RESTRAINING ORDER against the stranger and insider that has announced an auction will be taking place at 135 Randolph Ave, Tiverton, Mr. Freeman's property, Next WEEK. .**

1.The Plaintiff is William Freeman who is the alleged debtor in the above captioned case and who is a resident of 39 Side Road in Little Compton, Rhode Island.  The debtor holds title however Title is imperfect, disallowing Mr Freeman or any secured party to act on the title. of the real estate located at 39 Side Road Little Compton, Rhode Island.

2.  The Defendant is JP Morgan Chase Bank National Association.  The Defendant has claimed that it is the owner of the properly located at 39 Side Road Little Compton, Rhode Island by virtue of an

---

[1] Important- Part of the Fraudulent scheme is to use slightly different naming conventions to infer Legal Entities are the same company. Plausible deniability has been the reason cited by Courts finding Chase guilty of Fraud, Unclean Hands, Breach of Contract and other crimes against the United States of America and its people.

unrecorded foreclosure deed dated August 6, 2018. This Document is False is incorrect and should be stricken. The document is pareto if the FRAUD Against the Court committed by alleged 3rtd party attorneys claiming to represent CXHASE

3. The Plaintiff brings this complaint pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure and other Federal Rules of Evidence, to determine the validity of JP Morgan Chase and Co ( also calling themselves JP Morgan Chase Bank National Association, a false name in this proceeding ) procedures and actions required by Law, as they claim an interest in 39 Side Road, Little Compton, Rhode Island, and 135 Randolph Avenue, Tiverton, Rhode Island but have not issued ANY proper legal documents . We request validation and audit under this adversarial complain, under Dodd Frank Law and under UCC Law, and under Administrative Law. The following statements and questions are appropriate given the circumstances, with JP Morgan Chase Bank and Co., never having answered any discovery in over 10 years of their legal manipulations of the HONORABLE Court.

## Summary of (Adversarial) Complaints

### JP Morgan Chase Bank is NOT a secured Creditor

1. <u>Violation of UCC 9 -</u>Failure to pat consideration from notes, voiding claims of ownership

2. <u>Violation of UCC 3- Non-Negotiable Note-</u>

3. <u>Accounting Fraud-</u> Overcharges of over $800,000 discovered to date, to Mr. Freeman's alleged account. There is no legitimate account per GAAP or any other accounting standard

<u>JP Morgan Chase Bank was not in possession of the Deed or Notes at the time of the pre-foreclosure Auction, which could change the status of the title and deed. (see Mgt 24 recording/transcript)</u>

4. <u>False Claims Act Violations</u> -

5. <u>No proof of Agency, Power of Attorney, or affirmations of truth and sworn, executive sign-off from Chase</u>

6. <u>Violation of RESPA 12 U.S.C. QWR, and §12 CFR § 1024.36</u> – Requests for information and. Truth in Lending Act (TILA) Regulation Z (12 CFR Part 226)- We requesting an instant action fines, penalties and attorney's fees demanded Total Cost to Chase will exceed $12,000, but the court has authority to expand fines given Chase has three strikes or more.

7. <u>Violation of Stay in Bankruptcy,</u> - Orlans did not sell and foreclosures until Jan2, 2018, although claiming otherwise, They registered the illegal foreclosure deed during the stay period in an effort to transactions, no books or records, ledgers, etc., and will not provide employee validation per ERISA Law, given legal documents were signed by non- chase alleged employees

8. RIGL 34-27-6 provides that foreclosure deed and pay the conveyance tax and the Little Compton Preservation Tax is required to be made with 45-days of the foreclosure sale.

9. The foreclosure deed by which the Defendant claims title in the instant case, has not been timely recorded, assignments are not legally valid based on <u>omission and misinformation.</u>

10. RIGL § 34-27-4 sets forth the required notice to be sent to the Mortgagor before a foreclosure sale can take place.  That statute provides in pertinent part as follows:

(a) Whenever any real estate shall be sold under any power of sale mortgage. . .  and the mortgage shall provide for the giving of notice of the sale by publication in some public newspaper at least once a week for three (3) successive weeks before the sale, the first publication of the notice shall be at least twenty-one (21) days before the day of sale, . . . .

(b) Provided, however, that no notice shall be valid or effective unless the mortgagor has been mailed written notice of the time and place of sale by certified mail return receipt requested at the address of the real estate and, if different, at the mortgagor's address listed with the tax assessor's office of the city or town where the real estate is located or any other address mortgagor designates by written notice to mortgagee at his, her, or its last known address, at least twenty (20) days for mortgagors other than individual consumer mortgagors, and at least thirty (30) days for individual consumer mortgagors, days prior to the first publication, including

the day of mailing in the computation. **The mortgagee shall include in the foreclosure deed an affidavit of compliance with this provision. (not done)**

11..   Prior to proceeding with the public auction on the Plaintiff's property a notice was published in the Newport Daily News and entitled "Mortgagee's Notice of Sale of Real Estate 39 Side Road, Little Compton, RI" indicated that the "premises described in the mortgage will be sold subject to all encumbrances and prior liens on April 27, 2018 at 9:00 am on the premises. . . ." This notice lacks legal requirements: the creditor must be identified, the amount due is to be published and, the description of the property by plats, metes and bounds, were not included.

12..   The public auction did not occur "on the premises" but rather occurred down the street from the 39 Side Road, the subject premises.  Consequently, the Foreclosure notice served upon the Debtor and claimed to be advertised in the Newport Daily News, although the evidence has not been provided nor can the advertisements be found ( plus they lack legally required disclosures )  indicating that the public auction would occur on the premises was inaccurate and failed to comply with RIGL 34-27-4. (we cannot find the publications by searching on-line, sql queries, and by speaking directly to the paper itself. Therefore , We demand that Orlans to provide all the correspondence between them and the newspaper, show us the actual hardcopy newspaper with notices , they claim  notices for all three dated, and  a signed receipt from the Newport Daily News regarding the veracity, that Orlans PLC actually paid and placed  the alleged notices in the paper.

13. Damages Demanded (Other)- the Defendants and Chase Bank failed to provide the Plaintiff written notice of the time and place of sale by certified mail return receipt requested as required by

RIGL 34-27-4. Consequently, the foreclosure auction that allegedly occurred on April 27, 2018 and subsequent deed dated August 6, 2018 is void.[3]

14. The Defendant Chase Bank has failed to otherwise comply with the Notice requirements provided in the mortgage and consequently the foreclosure is subject to an adversarial complaint * see Martins v. Fed House Finance agency, 214 F Sup 3rd 163.

15. Further damages - The mortgage that the Plaintiff signed and which is at issue in this case provides a paragraph 22 provides that "if the Lender invokes the Statutory Power of Sale, Lender shall mail a copy of a notice of sale to Borrower as provided in section 15 [of the security agreement].

16. Section 15 of the security agreement provides that "All notice by the borrower or the lender in connection with this security agreement must be in writing. Any notice to Borrower in connection with this security agreement shall be deemed to have been given the Borrower when mailed by first class mail to the Borrower or when actually delivered to the borrower's notice address if sent by other means.

17. The Defendant failed to send via first class mail or to deliver to the Plaintiff's address a notice of the Foreclosure sale as required by paragraph 22 and 15 of the Security agreements.

18. The Defendant through its alleged agent, and there is still no POA, agency agreement, proof of representation when this particular foreclosure mill( Orlans Plc), ) agent attempted to deliver a notice of foreclosure sale by certified mail to the Plaintiff at 39 Side Road but failed to

---

[3] Please see Police Report Filed by Mr. Freeman with the Little Compton Police, which has not been acknowledged by the Little Compton Police or any action taken, in fact, The Little Compton Police enabled the illegal auction despite my demand for the 30 or so people to leave Chase Point, Little Compton, given the TRESSPASS. Mr. Freeman has filed an additional Complaint with the RI State Police and will file with the Providence, RI Police, a complaint against Cliff Ponte and Jones Moving and Storage and Jackie Algier, constable and other knowing participants in the FRAUD.

effectuate delivery on the Plaintiff. (see USPS record, no return receipt purchased, Orlans choose electronic review of any delivery apparently.

19. Identity Theft, Cyber-heft, and Cyber-Currency Violations. The INTENTIONAL abuse of electronic media such as ( Auction.com, Zillow.com, Realtor.com and the subsequent MLS listings were and are , FALSE ) caused Mr. Freeman great harm, disturbed the peace , caused the invasion of Freeman's privacy in a CRUEL method. (* showing the vindictive effort to have the auction advertisement be 'viral" in nature,  alleged Chase attorneys must receive back the alleged certified letters they claim were sent,  therefore having knowledge of Mr Freeman not being aware of any auction or foreclosure effort.( The subsequent melee when the constable entered Mr. Freeman's house, involved the Little Compton Policer Chief who said I would be arrested if I did not leave.  The attendees swearing and defaming Mr. Freeman, plus THE other laws were broken: Privacy, Trespassing[4], False Representation [5]

20. Since the Defendant failed to mail via first class mail a copy of the notice of foreclosure sale, or to effectuate a delivery of the notice of the foreclosure sale by other means upon the Plaintiff, the Notice of Foreclosure sale did not comply with paragraphs 15 and 22 of the mortgage agreement

21. The pre- acceleration notice sent to the debtor by the Defendant dated November 2, 2016 asserted that the Plaintiff owed the Defendant the sum of $116,867.94 in past due payments and demanded said sum to cure the default on the mortgage. This dollar amount has not been validated as per the many requests sent by Mr. Freeman, which is a violation of UCC Law and Dodd Frank Law. Mr Freeman sent request prior to, during the foreclosure period and after Chapter 13 was filled, with no response, Fines and damages are required thefore and we ask the court to determine any amounts due Mr Freeman

---

[4] See Police Report
[5] See Police report, both regarding the events of April 27, and RI state Police report submitted by Freeman, under formal investigation by the white-collar crime unit of the RISP, then dropped for unknown reasons, call AG Patrick Youngs and Martha Crippen and Gerald Coyne and Lori Tellier(*RISP) and Detective DeMarco (RISP)

22, Notes and assignments are not signed by anyone with authority to represent Chase. The fact pattern around signatures is disturbing. Mr. Freeman has 6 documents, not including Orlans sent documents, that are claimed to sign by Chase, but investigation show these people are not Chase employees

23. The Defendant failed to account for all payments made by the Plaintiff on the underlying note.

There are many more examples of failed accounting, including the detailed descriptions in Mr. Freeman's letters sent to Chase. (approx. 30 letters over 7 years) to provide notice of error and ask for correction and resolution. (see attached)

These Specific items that Freeman questioned have been forensically validated by MBA accountant Paul Rodrigues and Securitization Expert, Mihir , who studied the transaction histories and did a forensic analysis of the various transaction histories. (Since Mr Rodrigues performed his first analysis, additional and other wild errors have been identified)( In addition, the analysis shows the application of payments is not done according the ' alleged 'note , and not recognizable as GAAP, or FASB methods of Accounting. The method used by EAMU and Chase precludes Mr Freeman from paying the note in a fixed period of time[6])

Mr Freeman is seeking a refund of these and other moneys: there are some of the accounting anomalies regarding the history of the loan:

    Jan19, 2012   -    $7510.80 Payment ---    This payment was not made by Mr. Freeman
    Jan 19,2012   -    $2384.55 Payment applied and retracted
    Jan19, 2012   -    $ 22,638.56        Added to Freeman balance
    Jan 19, 2012  -    $ 20,830.08 added as principal adjustment
    Jan 18, 2012  -    $121,500.00 added as adjustment

---

[6] . The note is non- negotiable per UCC 3 and Mr. Freeman requests to invalidate the note and have it signed as satisfied and returned to him

| | | |
|---|---|---|
| Jan 17,2012 | - | $ 3598.85 reversed from Freeman account |
| Feb,2012 | - | $ 2032.00 Payment credited, never made |
| March,2012 | - | $ 2032.00 payment credited, never made[7] |
| Dec,2011 | - | $13,749.32 added to balance |

Total    =    **$186,317.81**  Added to Freeman balance prior to NEW LOAN signed and Rescinded on January 3 and 4th, 2012*


24. The Plaintiff has demanded from the Defendant a complete and accurate accounting of all payments, credits and charges on the loan that is secured by the mortgage at issue and has to date received several different versions of the accounting.

25. As a result the Plaintiff has not been able to identify or cure any claimed default asserted by the Defendant. Additionally the note is non-negotiable per UCC 3[8], given it has no fixed payment, or fixed dollar amount and requires Mr. Freeman special tasks in getting principal applied correctly. ***The practice of accounting applied interest first, then escrow, and only then payment was applied to Principle, resulting in over $800,000 in payments never applied.***

William Freeman , citizen and subject matter expert ( securitizations, banking, artificial intelligence ) was founding member Data Transparency Coalition and was Board Member for similar Industry Groups and Technology Advisory Boards.

---

[7] Freeman has specifically requested cancelled checks, wires or any proof that Freeman made these payments. It was in Chase Banks interest, as per stripping equity from Freeman, had an incentive to claim these payments

[8] See enclosed Accounting Fraud document, based on new forensic accounting

## CERTIFICATION OF SERVICE

I the undersigned certify that on this ____ day of January 2019 I served a copy of the within objection on the following through the court's ECF/CM system:

US Trustee

Chapter 13 Trustee

Tatayana P. Tabachnik, Esq. Orlans

(see distribution list )

/s/ Joseph F. Hook

Joseph F. Hook (former Freeman attorney )

I William Freeman swear That I filed these documents in the Honorable US District Court, this day, February 19, 2020

**Submitted by William Freeman, Feb 19, 2020 to the US District Court, Providence, RI.**

- Please see attached Summons and Reference Documents*